*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEANN MACKRAIN,

       Claimant-Appellee,

and

HOUGHTON COUNTY MEDICAL CARE
FACILITY,

       Appellee,

v

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

       Appellant.

UNPUBLISHED
November 10, 2022

No. 357913
Houghton Circuit Court
LC No. 21-017561-AE

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Appellant Unemployment Insurance Agency (UIA) appeals by leave granted from an order of the circuit court reversing the determination of the Unemployment Insurance Appeals Commission (UIAC). We affirm in part, vacate in part, and remand to the UIAC for further proceedings consistent with this opinion.

The issue presented in this case is purely procedural in nature. Accordingly, we only briefly review the substantive facts of this case. Claimant was terminated from her position with the Houghton County Medical Care Facility and applied for unemployment benefits. The UIA issued a determination that claimant was disqualified from receiving unemployment because she was terminated for misconduct. We need not decide whether that determination was correct.

Claimant filed a protest to the determination. The UIA found the protest to have been filed untimely and that claimant had not established good cause for the late request. Claimant appealed

and a hearing was held before an Administrative Law Judge. The ALJ first determined that claimant had good cause for the late request. The ALJ then determined that claimant had not engaged in misconduct that disqualified her from receiving benefits.

The employer then timely appealed to the UIAC.[1] The UIAC determined that claimant had not established good cause for the delay in filing the protest. The UIAC did not address the ALJ's conclusion regarding misconduct; rather, it set aside the ALJ's determination because of the UIAC's conclusion that the protest was not timely filed.

Claimant then appealed to the circuit court. The circuit court reversed the UIAC's decision, concluding that good cause was shown for the late filing of the protest. It is important to note that that conclusion is not being challenged by the UIA on appeal. Rather, the UIA only challenges the circuit court's reinstatement of the ALJ's decision rather than remanding the matter to the UIAC for a determination on the merits. In this respect, the circuit court opined as follows:

> Now the one thing further I wanted to address is Ms. Husband [counsel for the UIA] indicated the Court should remand because the Commission did not look at the underlying issue. That was their decision. The only matter before this Court is the good cause issue. The underlying decision is not a part of this appeal. This Court doesn't have the authority to remand. The decision of the ALJ remains in effect, not changed or altered by the Commission. The only aspect of the ALJ ruling altered by the Commission was the good cause aspect. That's the subject of this appeal.

We are at a loss to determine upon what basis the circuit court concluded that it lacked the authority to remand this matter to the UIAC, having referred to no authority to support that conclusion. MCL 421.38 grants the circuit the power to:

> review questions of fact and law on the record made before the administrative law judge and the Michigan compensation appellate commission involved in a final order or decision of the Michigan compensation appellate commission, and may make further orders in respect to that order or decision as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record.

Interestingly, claimant does not argue that the circuit court lacks the authority to remand to the UIAC. Rather, in her brief on appeal, claimant argues that "[n]othing in Section 38, or in any part of the [Michigan Employment Security] Act, requires a circuit court to remand to the UIAC."

---

[1] The duties of the Unemployment Insurance Appeals Commission were previously exercised by the Michigan Compensation Appellate Commission. The UIAC was created by the Governor's Executive Order 2019-13, which among many other things transferred the authority of the MCAC with respect to unemployment appeals to the UIAC. But the applicable statutes have not been updated to reflect the creation of the UIAC and continue to refer to the MCAC. For purposes of this appeal, we will use both names interchangeably.

There is, of course, a profound distinction between the lack of authority to take a particular action and the lack of a requirement to take that action.

It is not at all uncommon for an appellate body, be it court or commission, to address a dispositive argument and not discuss other issues that are raised but need not be addressed because of the resolution of the dispositive issue. On occasion, a higher court will reverse the lower court's decision on that dispositive issue, thus rendering it no longer dispositive. Typically, the matter is then remanded to the lower court to now resolve the previously unresolved issues rather than the higher court taking them up. See, e.g., *People v Lucysnki*, ___ Mich ___, slip op at 31; ___ NW2d ___ (No. 162833, issued 4/26/22) (reversing the Court of Appeals' determination that there was no Fourth Amendment violation and remanding to the Court of Appeals because this Court "did not determine whether exclusion of the evidence was the appropriate remedy because of its holding that no Fourth Amendment violation occurred. We leave the resolution of this question to the Court of Appeals to resolve."), and *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 193; 931 NW2d 539 (2019) (remanding to the Court of Appeals to consider additional issues after a partial reversal).

We see no reason why a similar principle should not be applied here. The employer appealed the ALJ's decision to the UIAC, which addressed the issue of whether good cause was shown in the late request for a redetermination, but did not address the merits of the ALJ's conclusion that there was no disqualifying misconduct. The circuit court's reversal of the first issue does not automatically reinstate the ALJ's decision on the second issue. It was not, as the circuit court said, the UIAC's decision not to address the merits. An appeal was taken to the UIAC and, with the just-cause issue no longer dispositive, a decision on the merits of the misconduct issue is necessary. And the appropriate venue at this stage to make that decision is the UIAC. Simply put, the circuit should have remanded the matter to the UIAC to address the disqualifying misconduct issue.

The decision of the circuit court reversing the UIAC on the just-cause determination is affirmed. The decision of the circuit court reinstating the ALJ's determination on the disqualifying misconduct issue is vacated and the matter is remanded to the UIAC to address that issue on appeal from the ALJ. We do not retain jurisdiction. No costs.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-3-